1  KEITH R. SCHIRMER, Esq. (087691)
   JAMES HUAN LY, Esq. (289912)
2  EDRINGTON, SCHIRMER & MURPHY LLP
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA 94523-3936
   Telephone: (925) 827-3300
4  Facsimile: (925) 827-3320

5  Attorneys for Defendant SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JELIN, | ) CASE NO.: C16-5986 EDL |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S MOTION IN LIMINE** |
| | ) **No. 2 – LIMITING TESTIMONY OF** |
| SAN RAMON VALLEY UNIFIED | ) **PLAINTIFF'S EXPERT WITNESS TO** |
| SCHOOL DISTRICT, | ) **ONLY OPINION FOUND IN REPORT** |
| Defendant. | ) |
| | ) Pretrial Conf. October 30, 2018 |
| | ) Time:        2:00 p.m. |
| | ) Location:   Courtroom E, 15th Floor |

Pursuant to Federal Rule of Civil Procedure 26, Defendant San Ramon Valley Unified School District respectfully requests this Court to grant its motion in limine to limit the testimony of Ray Grott, plaintiff's technology and ergonomics expert, to the issues contained in his expert report dated January 28, 2018.

## STANDARDS OF EXPERT WITNESSES

It is the responsibility of the trial judge "to insure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Boyd v. City and County of San Francisco, 576 F.3d 938, 945 (9th Cir., 2009). The trial court "must act as a gatekeeper in determining whether to admit or exclude expert evidence" Dukes v. Wal-mart Stores, Inc., 603 F.3d 571, 601-602 (9th Cir., 2010).

"An expert who supplies nothing but a bottom line supplies nothing to the judicial process." Huey v. United Parcel Service, Inc., 165 F.3d 1084, 1086 (7th Cir., 1999).

Rule of Evidence 702 requires that the evidence be reliable and "relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs" Guidroz-Brault v. Missouri Pacific Railroad Company, 254 F.3d 825, 830 (9th Cir., 2001).

## RAY GROTT MUST BE PRECLUDED FROM OPINING ABOUT PLAINTIFF'S MEDICAL CONDITION

Mr. Grott testified at his deposition he did not ask for any of plaintiff's medical records because his objective was to simply provide speech recognition technology and ergonomic assessments. However, he admits that he has reviewed medical records of past clients when giving assessments to obtain an understanding of the specifics of the medical issue at hand. (Declaration of James Huan Ly In Support of Motion In Limine, No. 2 ("Ly Decl."),¶ 2, Ex. A- Grott's Deposition, p.40:14-41:3) But in this matter, he relied exclusively on what plaintiff claimed to be her medical condition. Mr. Grott admits he is not a medical professional and that he did not perform any testing or examination of plaintiff to determine the nature and extent of her repetitive strain injury. (Ly. Decl., ¶ 2, Ex. A –Grott's Deposition, 56:9-56:25.) As such, Mr. Grott must be prohibited from offering a medical opinion about plaintiff's condition.

## RAY GROTT MUST BE PRECLUDED FROM OPINING ABOUT WHETHER THE DISTRICT FAILED TO ENGAGE IN THE INTERACTIVE PROCESS AND/OR PROVIDE REASONABLE ACCOMMODATION

Mr. Grott must be prohibited from testifying about the interactive process or issues of providing reasonable accommodation because he admittedly has no information on whether the District ever failed to participate in good faith in resolving plaintiff's reasonable accommodation concerns. His deposition testimony is as follows:

> Q.  Sir, do you have any information or any information that the District ever failed to participate in good faith to undertake reasonable efforts to communicate with Ms. Jelin regarding her concerns?
>
> A.  No.

Q. Do you have any information if there was ever a breakdown in communications between Ms. Jelin and the District in discussing reasonable accommodations for Ms. Jelin?

A: No.

(Ly. Decl., ¶ 2, Ex. A – Grott's Deposition, p. 142:18-143:2.)

Based on the foregoing, Mr. Grott must not be allowed to testify regarding the interactive process and/or the issue of reasonable accommodation.

## RAY GROTT MUST BE PRECLUDED FROM OFFERING ANY OPPOSITION/REBUTTAL OPINIONS

Mr. Grott did not prepare an opposition or rebuttal report in response to the report of Rhoma Young, the District's expert witness, regarding the interactive process and reasonable accommodation. Mr. Grott prepared his initial report in January 2018. Ms. Young prepared a report in June 2018. Mr. Grott did not prepare an opposition or rebuttal report after Ms. Young issued her report in June 2018. (Ly. Decl., ¶ 3.) Therefore, Mr. Grott must not be permitted at trial, for the first time, to offer any testimony or opinions in opposition, or in rebuttal to, the opinions of Ms. Young.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court grant its motion in limine to: (1) prohibit Mr. Groff from offering any opinions about plaintiff's medical condition; (2) prohibit Mr. Groff from offering any opinions about whether the District failed to engage in the interactive process with plaintiff and/or provide reasonable accommodation(s) to plaintiff; and (3) prohibit Mr. Grott from offering any opposition/rebuttal testimony to Ms. Young.

DATE: October 10, 2018

EDRINGTON, SCHIRMER & MURPHY, LLP

/s/ 
Keith R. Schirmer, Esq.
James Huan Ly, Esq.
Attorneys for Defendant SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT

Jelin v. San Ramon Valley USD U.S.D.C. No. C16-05986 EDL

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 2300 Contra Costa Boulevard, Suite 450, Pleasant Hill, CA 94523. I am employed in the County of Contra Costa where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On October 10, 2018, following ordinary business practice, I served the attached document(s) described below on the interested parties in said action addressed as follows:

**DEFENDANT'S MOTION IN LIMINE NO. 2 – LIMITING TESTIMONY OF PLAINTIFF'S EXPERT WITNESS TO ONLY OPINION FOUND IN REPORT**

Richard Rogers
Law Offices of Richard Rogers
100 Bush Street, #1980
San Francisco, CA 94104
Tel: 415-981-9788
Fax: 415-981-9798
RogersRMR@yahoo.com
Attorneys for Plaintiff

**(BY FACSIMILE)** by transmitting via facsimile the document(s) listed above to the facsimile number(s) set forth above, or as stated on the attached service list, on this date before 5:00 p.m.

**(BY MAIL)** by placing a true and correct copy of the document(s) listed above enclosed in sealed envelope(s) with postage fully prepaid in the U.S. Mail at Pleasant Hill, California.

**(BY PERSONAL SERVICE)** by placing a true and correct copy of the document(s) listed above in sealed envelope(s) and causing said envelope(s) to be delivered by hand this date to the offices of the addressee(s).

**(BY E-MAIL)**

X   **(BY OVERNIGHT DELIVERY)** by placing a true and correct copy of the document(s) in a sealed envelope(s) and causing said envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 10, 2018, at Pleasant Hill, California.


Dana Moxley

1