United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JELIN,<br><br>    Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.16-cv-05986-EDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE NO. 1 TO PRECLUDE DEFENDANT'S EXPERT RHOMA YOUNG FROM TESTIFYING**<br><br>Re: Dkt. No. 76 |

In advance of trial in this case, which is scheduled to begin on December 10, 2018, Plaintiff Barbara Jelin filed a motion in limine to preclude Defendant San Ramon Valley Unified School District's expert Rhoma Young for testifying. Plaintiff contends that Ms. Young should be prohibited from testifying at trial about "[v]irtually all" of the opinions contained in her expert report because she is unqualified to give the opinions, the opinions are unfairly prejudicial, or the opinions are irrelevant. Defendant opposed the motion. As discussed during the October 30, 2018 pretrial conference, the Court GRANTS in part and DENIES in part Plaintiff's motion. While Ms. Young is qualified as a human resources expert, most of her proposed testimony goes well beyond her expertise and instead is a thinly veiled attack on Plaintiff's credibility, which the jury can and must decide itself.

Expert testimony is admissible if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The witness must have "knowledge, skill, experience, training, or education" as to its proffered testimony. Id. The testimony must be based on "sufficient facts or data," it must be "the product of reliable principles and methods," and the expert must have "reliably applied the principles and methods to the facts of the case." Id. The trial court's decision to exclude or permit expert testimony is a matter of discretion. United States

v. Redlightning, 624 F.3d 1090, 1110 (9th Cir. 2010).

Most of Ms. Young's report fails to meet these requirements and, therefore, the Court must exercise its gatekeeping function to exclude her inadmissible opinions. At trial, the Court will exclude or limit Ms. Young's testimony in the following areas:

**(1) Plaintiff's Medical Record and History**

Large portions of Ms. Young's report (pp. 2-4, 6-8) describe and analyze Plaintiff's medical record and history. Defendant has not qualified Ms. Young as a medical expert and could not do so. Ms. Young has been a human resources consultant for 35 years. Ex. 2 to Young Report. Before that, she worked in human resources for corporations and as a probation officer. Id. She has a masters degree in administration and management and a bachelors degree in history. Id. Ms. Young is not qualified to opine on Plaintiff's medical history.

Thus, for example, Ms. Young will be precluded from offering "[a] review of [Plaintiff's] health over the time of her employment with the District . . . " Young Report at 6. She will not be allowed to discuss the medical records she quotes extensively in her report from Dr. Van Dolson and others or her conclusion that "[t]his medical information seems to indicate that Ms. Jelin's health issues have progressed well, *do not seem to need ongoing medical intervention, surgery or ongoing treatment.*" Id. at 8 (emphasis in original). Ms. Young may, however, provide testimony as to the specific workplace restrictions and recommendations set forth in Dr. Devor's December 14, 2016 evaluation letter, which are relevant to the interactive process regarding reasonable accommodations of those restrictions. Id. "Experts may offer opinions based on otherwise inadmissible testimonial hearsay if 'experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject' and if they are 'applying [their] training and experience to the sources before [them] and reaching an independent judgment,' as opposed to 'merely acting as a transmitter for testimonial hearsay.'" United States v. Llerenas, 2018 WL 3490535, at *2 (9th Cir. July 20, 2018) (quoting Fed. R. Evid. 703 and United States v. Gomez, 725 F.3d 1121, 1129 (9th Cir. 2013)).

**(2) Assessments of Plaintiff's Credibility**

Throughout the report, Ms. Young makes improper attacks on Plaintiff's credibility. These

critiques by an expert invade the provenance of the jury, which is charged with making the ultimate determination of a witness or party's credibility. United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989) ("The jury must decide a witness' credibility. An expert witness is not permitted to testify specifically to a witness' credibility . . . ") (internal citation omitted). Moreover, allowing an expert on human resources – the area for which Ms. Young is proffered as an expert – to give her opinion about the integrity of a party is likely to create unfair prejudice, with its probative value, if any, being greatly outweighed by the prejudice. See Fed. R. Civ. P. 403. Because the jury has the duty to decide issues of credibility, that danger of unfair prejudice substantially outweighs any probative value Ms. Young's testimony would offer. Ms. Young's report is rife with these impermissible broadsides against Plaintiff, which the Court illustrates with a few examples of the type of testimony that it will not permit at trial:

- After discussing Plaintiff's medical history, Ms. Young concludes that "[t]hese two *dramatically different portrayals of Ms. Jelin's health* almost outline the *dichotomy* that seems [to] present itself in what she *currently* experiences and what medical providers report." Young Report at 3 (emphasis in original).
- "In one situation, which illustrates the *conundrum* facing the District with the *differing views* presented by Ms. Jelin, District administrative and technical staff, treating and independent medical reviews, Ms. Jelin said that she was *not* being given an accommodation . . . A sequence of excerpts from the deposition of Ms. Katzburg, the Union President representing Ms. Jelin provides some perspective on that situation, which is further information emphasizing/describing the dichotomy in this case . . . " Id. at 8 (emphasis in original).
- Plaintiff's medical record "raises significant questions as to the reliability, timeliness and accuracy of [Plaintiff's] complaints compared to medically defined health conditions and the possibilities of remediation and treatment for prevention and treatment." Id. at 6.
- Ms. Young's reliance on assessments of Defendant's employees as credible in contrast to Plaintiff will also be excluded. See id. at 10 (quoting Ann Katzburg's deposition testimony regarding her opinion that, among other things, Melanie Jones is "extremely

3

trustworthy" and she has "a lot of respect for her because, her and I may differ in opinions, but we are always able to talk through things . . . ").

**(3) Lengthy Quotes from Witness Depositions Regarding Plaintiff's Requests for Accommodation**

Ms. Young's report includes several instances where she quotes long passages of deposition testimony of lay witnesses who can and will speak for themselves at trial. For example, Ms. Young quotes testimony from Ann Katzburg regarding the decision to place Plaintiff on a leave of absence. Id. at 8-9. She similarly quotes deposition testimony from Deanna Lashin about Defendant's efforts to implement computer equipment and software for Plaintiff. Id. at 15-17. Ms. Young's expert testimony about this background information is not helpful to the jury, as both Ms. Katzburg and Ms. Lashin can provide first-person lay witness testimony about these factual issues.

**(4) Undue Burden**

Ms. Young's report includes a section about what constitutes an "undue burden" in the context of reasonably accommodating an employee's disability. At the pretrial conference, Defendant clarified that it is only asserting the undue burden defense as to Plaintiff's recent request that she only be assigned to schools that use a certain word processing software. Therefore, if the parties put on evidence of this request and defense at trial, Ms. Young's opinions about what constitutes an undue burden will only be permitted regarding this new issue of Plaintiff's school assignments.

**IT IS SO ORDERED.**

Dated: November 5, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge