UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BARBARA JELIN,<br><br>    Plaintiff,<br><br>v.<br><br>SAN RAMON VALLEY UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 16-cv-05986-EDL<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AND DENYING MOTION FOR SANCTIONS**<br><br>Re: ECF No. 155 |

**INTRODUCTION**

The parties settled this lawsuit pursuant to an oral settlement agreement that the parties reached on the record on December 9, 2018.[1] A term of the settlement was the parties' agreement that the undersigned retained jurisdiction to enforce the terms of the settlement.[2] The defendant moved to enforce the settlement because the plaintiff refused to sign the written settlement agreement that contains the terms placed on the record, and as a sanction, it asks for the attorney's fees it spent to file the motion.[3] The plaintiff concedes that the settlement is enforceable and

---

[1] 12/9/2018 Transcript – ECF No. 161. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 8.

[3] Mot. – ECF No. 155.

ORDER – No. 16-cv-05986-EDL

opposes only the motion for sanctions on the ground that she eventually signed the written settlement agreement and did not act in bad faith.[4] The court can decide the motion without oral argument. Civ. L. R. 7-1(b). The court grants the motion to enforce the settlement agreement, enforces it, and holds that the settlement agreement signed by the plaintiff on January 31, 2019 is the enforceable memorialization of that agreement.[5]

The court denies the motion for sanctions without prejudice. The court has retained jurisdiction to enforce the settlement, and if the plaintiff does not comply with the settlement's terms, the court reserves the remedy of imposing sanctions against her in the form of the defendant's attorney's fees incurred in filing the motion to enforce the settlement.

## STATEMENT

At the parties' request, the trial judge referred the case to the undersigned for a settlement conference.[6] The parties had several in-person settlement conferences and interim settlement communications with the court and ultimately settled the case on the record on December 9, 2018.[7] At the hearing, the court recited the settlement's material terms, which in summary form are as follows: (1) the monetary component; (2) a non-revocable resignation letter; (3) the continuation of certain benefits; (4) the transfer of the plaintiff's voice-dictation software (if possible); (5) the release of all claims, known and unknow, with the California Civil Code § 1542 waiver (which the court read into the record); (6) the plaintiff's responsibility for liens and corresponding agreement to indemnify the defendant; (7) an agreement about the personnel file; and (8) the parties' agreement that the undersigned would retain jurisdiction to enforce the terms of the settlement agreement.[8] After the court recited the terms into the record, the plaintiff's

---

[4] Opp. – ECF No. 2–3.
[5] Settlement Agreement, Exs. 2–3 to Rogers Decl. – ECF No. 164 at 6–16, 18–27.
[6] Stipulation and Order – ECF No. 32.
[7] *See, e.g.*, Minute Orders – ECF Nos. 43, 130, 140, and 151; 12/9/2018 Transcript – ECF No. 161.
[8] 12/9/2018 Transcript – ECF No. 161 at 3–10.

counsel accepted the settlement on the plaintiff's behalf.[9] He said that he had the authority to do so.[10] The plaintiff does not dispute that now.[11] The settlement was subject to the ordinary contingency of approval by the District's governing board.[12] That contingency was satisfied on December 11, 2018, when the board approved the settlement.[13]

Initially the plaintiff tried to modify the defendant's settlement agreement.[14] On January 18, 2019, she filed a "Rejection of Settlement," stating that she "rejects the settlement, placed on the record on December 9, 2018."[15]

On January 30, 2019, the defendant moved to enforce the settlement.[16] The plaintiff did not oppose the motion and attached to her brief two versions of the settlement agreement, both signed by the plaintiff on January 31, 2019.[17] Both are identical except for a variation on one page: the words "initial as demanded" appear on page two of the first version of the settlement agreement and not on the second version.[18] In each version, instead of writing her own initials ("BJ" for Barbara Jelin) on each page, the plaintiff wrote "IAD," which stands for "initialed as demanded."[19] She signed the settlement agreement at the end with her full name.[20] Apparently the

---

[9] *Id.*

[10] *Id.* at 2.

[11] Opp. – ECF No. 162 at 2.

[12] Minute Entry – ECF No. 151.

[13] Ly Decl. – ECF No. 156 at 2 (¶ 5).

[14] *See, e.g.*, Plaintiff's Revisions to Settlement Agreement, Ex. B to Ly Decl. – ECF No. 156 at 11.

[15] Plaintiff's Rejection of Settlement – ECF No. 153.

[16] Mot. – ECF No. 155.

[17] Opp. – ECF No. 162 at 2 ("Plaintiff does not oppose the motion to enforce the settlement; Plaintiff has executed and delivered the Settlement Agreement."); Settlement Agreement, Exs. 2–3 to Rogers Decl. – ECF No. 164 at 6–16, 18–27.

[18] *Compare* Settlement Agreement, Ex. 2–3 to Rogers Decl. – ECF No. 164 at 7 *with* Settlement Agreement, Ex. 3 to Rogers Decl. – ECF No. 164 at 19. The two versions apparently are because the plaintiff provided a clean page 2 that omitted "initial as demanded." Opp. – ECF No. 162 at 2.

[19] Settlement Agreement, Exs. 2–3 to Rogers Decl. – ECF No. 164 at 6–16, 18–27.

[20] *Id.* at 15, 27.

first version initially had the words "signed as demanded under duress," but Ms. Jelin authorized her lawyer to white it out.[21]

The plaintiff also submitted a declaration dated January 25, 2019 stating that she did "not agree to the Settlement Agreement for several reasons," including a loss of 63 days of administrative leave, her inability to return to campuses without an escort, her disagreement that the settlement included her third charge of discrimination, and other issues about payroll records, positive letters of recommendation, stopping District employees from saying negative things, the correct date of her administrative leave, and the removal of negative comments from her personnel file.[22]

## ANALYSIS

### 1. Enforcement of Settlement Agreement

The parties entered into an oral agreement on December 9, 2018. That agreement is binding and enforceable, and the court grants the motion to enforce it and holds that the January 31, 2019 settlement agreement is the enforceable memorialization of that oral agreement.

To be enforced, a settlement agreement must meet two requirements. First, it must be a "complete agreement." *Maynard v. City of San Jose,* 37 F.3d 1396, 1401 (9th Cir. 1994); *see Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989). Accordingly, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id*. (quotation omitted). "This is true even

---

[21] Opp. – ECF No. 162 at 2.

[22] Jelin Decl. – ECF No. 163 at 2.

ORDER – No. 16-cv-05986-EDL           4

though the underlying cause of action is federal." *Id*. (citations omitted). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' — that is, the intent manifested in the agreement and by surrounding conduct — rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed." *Id*. (citations omitted).

An oral settlement agreement recited in open court is binding and enforceable, even if the parties contemplate memorializing it in writing. Cal. Code Civ. P. § 664.6; *Blix St. Record, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010) ("When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement."); *Elyaoudayan v. Hoffman*, 104 Cal. 4th 1421, 1430 (2012) (failure of all parties to sign the written agreement does not alter the oral agreement's validity).

Here, the agreement that the parties put on the record was a complete agreement, and the plaintiff's counsel said that he had the authority to settle the case. Under the California Civil Code and the relevant case law, the settlement is binding and enforceable. Cal. Code Civ. P. § 664.6; *Blix St. Record*, 191 Cal. App. 4th at 48; *Maynard*, 37 F.2d at 1401 (9th Cir. 1994); *Harrop*, 550 F.2d at 1144–45.

That agreement is memorialized in the written settlement agreement. The issue is whether the plaintiff's use of the words "IAD" (for "initial as demanded") instead of her true initials "BJ" renders the January 31, 2019 settlement agreement invalid or insufficient. The plaintiff contends that nothing more is needed because at worst, there is "grumbling acceptance" of the written terms.[23] The defendant points to the plaintiff's January 25, 2019 declaration, which memorializes the plaintiff's disagreements with the defendant's draft agreement.[24] The court holds that the plaintiff's refusal to write her own initials does not render the written settlement agreement invalid.

---

[23] Opp. – ECF No. 162 at 2.

[24] Reply – ECF No. 167 at 3; Jelin Decl. – ECF No. 163 at 2.

ORDER – No. 16-cv-05986-EDL   5

A "grumbling acceptance" is one "that is unqualified, though made with some protest."[25] *Purdy v. Buffums,* 95 Cal. App. 299, 301–02 (1928). The plaintiff's initialing with "IAD" instead of "BJ" does not render the agreement invalid. It was petulant, but it satisfied the point of the initials on each page, which is to show that the signing party read each page.

The plaintiff also authorized her attorney to submit her signed agreement without the words "signed as demanded under duress." Thus, the settlement agreement as of January 31, 2019 reflects only that Ms. Jelin initiated each page and signed the agreement, which meets the "objective intent" standard. *United Commercial Ins. Serv.*, 962 F.2d at 856. As of January 31, 2019, there is no "subjective belief" or a "true intent" that was expressed. *Id.* The January 25, 2019 declaration preceded the January 31, 2019 signed agreement and reflects only the plaintiff's intent on January 25, not her intent on January 31. Put another way, by January 31, 2019, there was no qualified or even grumbling acceptance and instead, there was only acceptance of the settlement agreement, manifested by the plaintiff's initialing each page and signing the settlement agreement. *Id.*; *Purdy*, 95 Cal. App. at 301–02; *Chicago Bridge & Iron Co. v. Indus. Acc. Comm.*, 226 Cal. App. 2d 309, 316 (1964); *cf. Panagotacos v. Bank of America*, 60 Cal. App. 4th 851, 856 & n.2 (1998) (a qualified acceptance does not create a contract and instead is a new proposal or a counteroffer). The plaintiff concedes that her acceptance was unqualified, that she signed the settlement agreement, and that "there is no need for anything further beyond an Order recognizing that the settlement is a valid contract."[26]

In sum, the oral agreement placed on the record on December 9, 2019 is an enforceable settlement agreement, and the written settlement agreement is an enforceable contract too. The court thus enforces the oral settlement agreement, holds that the January 31, 2019 settlement

---

[25] Opp. – ECF No. 162 at 2.

[26] *Id.* at 2–3.

agreement is the enforceable memorialization of that agreement, and holds that the written settlement agreement is an enforceable contract.[27]

**2. Sanctions**

The defendant asks for $1,400 in the attorney's fees it spent on the motion and reply and an additional $600 if the court holds a hearing. It points to the plaintiff's bad faith in asking for additional terms — such monies to be paid into a 403(B) retirement plan, changing the date range for documents in her personnel file, getting credit for 63 days of sick leave, and changing the date of her administrative leave — which were not the terms agreed to by the parties on the record.

Making additional demands for new settlement terms can be bad-faith conduct. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1252–53 (10th Cir. 2015). And here, the settlement terms were hammered out over the course of days, resulting in a settlement on the record on a Sunday, the day before trial was to start. Coming to terms with the settlement apparently was difficult for the plaintiff. But it did not justify her recalcitrance in signing the agreement with the parties' agreed-to terms or her unreasonable proposal of new terms after the parties settled the case on the record.

For now, the court denies the motion for sanctions without prejudice and reserves it as a sanction if the plaintiff does not comply with the settlement agreement's terms

**CONCLUSION**

The court grants the defendant's motion to enforce the settlement and denies the motion for sanctions. This disposes of ECF No. 155.

**IT IS SO ORDERED.**

Dated: March 6, 2019

LAUREL BEELER
United States Magistrate Judge

---

[27] Settlement Agreement, Ex. 2 to Rogers Decl. – ECF No. 164 at 6–16. The court uses this version because it is not a version with an inserted page 2. That said, either agreement reflects the parties' final agreement.

ORDER – No. 16-cv-05986-EDL        7